[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the plaintiff seeks to obtain possession of premises located within a facility called the "Ansonia Shopping Mall". The issue before the court is whether the defendant occupies these premises under a written lease or as a month-to-month tenant. If the latter, the defendant has been served with a Notice to Quit on March 13, 1996 and this action commenced on April 3, 1996 by service upon the defendant.
The plaintiff is the present owner of a building known as the "Ansonia Shopping Mall" having acquired the premises by deed in December 1992. The building originally housed a number of retail stores and the usual mix of retail outlets typically found in a mall facility including the defendant's restaurant which for a number of years, since September, 1970, according to Mario Perone, the owner of the restaurant, specialized in Italian cuisine. Subsequent to the plaintiff's acquisition of this property, changes occurred in the business environment which affected the Mall and which has led the plaintiff to enter into planning and negotiations for a newly designed structure. For this reason, the plaintiff is seeking to obtain possession of the premises so the construction may begin. The defendant is unwilling to grant the plaintiff possession and claims a right to occupancy by reason of a lease which the plaintiff's predecessor CT Page 5114-H in title and the defendant executed on March 30, 1988. (Plaintiff's Ex. 1) The only provision of the lease which is in controversy in this action appears on page three of a Rider to the basic lease and is entitled VI — Option to Extend. This provides, inter alia, that the tenant shall have the right and option to extend the term of the lease which by its terms was to expire five years from its inception or April 1, 1993. The option to extend, if exercised by Italian Pavilion was first for one three (3) year period and, if exercised, then for a subsequent and consecutive four (4) year period. The option to extend was to be done by the tenant, Italian Pavilion, giving written notice "at least six months prior to the expiration of the original term" and "in the event the tenant fails to give written notice of its intent to exercise its right an (sic) option as provided above . . . shall have been received by the landlord in writing on or before the six month date . . . the right to exercise the option is deemed to have been waived."
The evidence adduced at the trial and by admission of plaintiff's counsel indicated that while the defendant's position that the first option for three years was initially considered by the plaintiff to be untimely exercised (see Defendant's Ex. 1) it is now conceded that such option was properly exercised and the lease was by its terms extended to March 31, 1996. The defendant, however, was of the impression that the exercise of the first option was of no effect as it was not given within the period prior to the six month provision as previously noted. The defendant at that point considered itself to be a month-to-month tenant and so when the three year period — from April 1, 1993 to March 31, 1996 ran out, the defendant had failed to give the requisite six month notice as required by the lease and the plaintiff considering the defendant to be a month-to-month tenant instead of a tenant under the lease gave a notice to quit in timely fashion and is now prosecuting this action to obtain possession.
The defendant makes the following claims as special defenses (1) that the plaintiff's wrongful rejection of the first option to renew excuses performance of the exercise of the second option and (2) that during the period from the expiration of the original term to the commencement of this action because the plaintiff treated the defendant as a potential long-term occupant with assurances and promises as to its inclusion in the plaintiff's future plans as to the defendant's location that the plaintiff should now be estopped from claiming that it is CT Page 5114-I entitled to possession. The third special defense requests the court to, under all the circumstances now prevailing, use its equitable power to declare the lease provisions as relates to renewal of no effect and the defendant's failure to comply fully with the provisions regarding renewal of no consequence.
It should be noted for the record that the defendant's counterclaim has by agreement of counsel been severed from this action and the plaintiff has withdrawn its claim for non-payment of rent insofar as this action is concerned.
It is the conclusion of this court that the plaintiff is entitled to possession of the premises in accordance with the allegations of the complaint. The court finds that the defendant by not exercising the option to renew for the second term in accordance with the provisions of the lease became, as of March 31, 1996, a month-to-month tenant and that the Notice to Quit became effective on that date.
According to the testimony of several of the witnesses; the plaintiff's witness Allen Schwartz and the defendant Mario Perone there were many discussions between the parties during the period from October 1992 (the rejection of the first option) to March 1996 concerning future plans of the plaintiff and the bright future for the defendant if the defendant "stuck with the Ansonia Mall". There were suggestions by the defendant that unless certain adjustments were made as to rent and so forth that the defendant would be forced to terminate his tenancy and the evidence indicates that the plaintiff made certain adjustments to accommodate the defendant in this regard. The plaintiff considered the defendant to be a month-to-month tenant during this period and so it became appropriate to make adjustments to induce the defendant to remain on the premises (see transcript p. 47) and, the defendant, believing that he was not occupying the premises under the terms of the lease, felt comfortable in threatening to leave the premises unless accommodations were made to his demands. (see Plaintiff's Ex. 6). During this period the defendant testified that he was also looking at other locations for the establishment of his restaurant. (Transcript, p. 55-57) The defendant after speaking with his present counsel was of the opinion that he could elect to be a month-to-month tenant or a tenant under the lease and that the choice was his.
It is clear that the defendant did not give written notice of any intention to renew for the second term in accordance with the CT Page 5114-J lease. It is also clear that for whatever reason the defendant, from the rejection of his letter for the first renewal to the present, has considered himself to be a month-to-month tenant. The court, without repeating the authorities cited by the plaintiff in its memorandum of June 7, 1996 adopts those authorities and rationale set out therein and concludes that there was no waiver of any of the lease provisions by the plaintiff making written notice of the exercise of the second option by the defendant unnecessary. As to the second special defense filed by the defendant claiming that the plaintiff should be estopped from seeking the eviction of the defendant by reason of its continuing assurances to the defendant to induce it to remain, the court concluded that there was no great reliance on the part of the defendant on these. assurances. The defendant occupied the premises so long as it was advantageous for him to do so as evidenced by the various renegotiations between the parties during the period.
As to the claim that the court should intervene in equity on behalf of the defendant to vitiate the written terms of the lease the court is not so inclined. The parties involved were and are businessmen who when the occasion arises rely on legal advice to conduct their affairs and did to in this instance as well.
Judgment may enter for the plaintiff for possession of the premises in question.
George W. Ripley, Judge.